NOT FOR PUBLICATION

FILED

SEP 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHALID AHMAD HAMED,<br><br>　　　　Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>　　　　Defendant-Appellee. | No.　16-55165<br><br>D.C. No. 8:14-cv-01639- KES<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Karen E. Scott, Magistrate Judge, Presiding

Submitted August 30, 2017**
Pasadena, California

Before:　　TASHIMA, FISHER, and BYBEE, Circuit Judges.

Appellant Khalid Ahmad Hamed applied for Social Security disability

insurance benefits and supplemental security income. He alleged a disability

---

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

stemming from a variety of ailments, including hepatitis B (which then led to cirrhosis, an enlarged spleen, and a platelet deficiency), chronic swelling in his right leg, and back and neck pain. An Administrative Law Judge ("ALJ") found that although Hamed's conditions were severe, he could still perform certain kinds of work. In reaching this conclusion, the ALJ discounted the opinion offered by Dr. Samir Azzam, one of Hamed's treating physicians, and relied instead on the opinions of Drs. D. Chan and Irvine Belzer, neither of whom actually treated or examined Hamed. The ALJ's denial of Hamed's application was affirmed by the district court.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

Hamed raises a single contention on appeal: that the ALJ erred by discounting the opinion of Dr. Azzam, in favor of the opinions of non-treating, non-examining physicians. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010) (citation omitted). This rule, however, is not absolute. As we have held, "[w]here . . . a nontreating source's opinion contradicts that of the treating physician but is not based on independent clinical findings, or rests on clinical findings also

considered by the treating physician, the opinion of the treating physician may be rejected only if the ALJ gives *specific, legitimate reasons* for doing so that are based on substantial evidence in the record." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (emphasis added and citation omitted). *See also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth *specific*, *legitimate reasons* for doing so that are based on substantial evidence in the record." (emphasis added) (citation omitted)).

Here, the opinion of Dr. Azzam, the treating physician, was contradicted by the opinions of Drs. Chan and Belzer, even though they all relied on the same clinical findings. Thus, under *Andrews* and *Orn*, the dispositive question is whether the ALJ gave "specific, legitimate reasons" for discounting Dr. Azzam's opinions.

The ALJ gave two such reasons. First, she determined that Dr. Azzam's opinion was unsupported by the record. This alone is sufficient. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining that an "incongruity" between a treating physician's questionnaire responses and a patient's medical records is a "specific and legitimate reason" for discounting the physician's opinions). Second, the ALJ discounted Dr. Azzam's conclusions because he was

3

too reliant on Hamed's own discredited, subjective statements about his condition. This is an independent ground for discounting Dr. Azzam's opinions. *See id.* ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." (citation omitted)); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (holding that a treating physician's reliance on a patient's own discredited subjective complaints is a specific and legitimate reason for discounting the physician's opinion).

Thus, the ALJ adequately explained her reasons for discounting Dr. Azzam's testimony.

The judgment of the district court is **AFFIRMED.**